**E. I. DU PONT DE NEMOURS &
COMPANY, Appellant,**

v.

**LYLES & LANG CONSTRUCTION
COMPANY, Appellee.**

**No. 7097.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 17, 1955.

Decided Dec. 1, 1955.

Lionel Kestenbaum, Atty., Department of Justice, Washington, D. C. (Warren E. Burger, Asst. Atty. Gen., N. Welch Morrisette, U. S. Atty., Columbia, S. C., and Paul A. Sweeney, Atty., Department of Justice, Washington, D. C., on brief), for appellant.

James F. Dreher, Columbia, S. C. (David W. Robinson and Robinson, McFadden & Dreher, Columbia, S. C., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is the second appeal in this case. On the first appeal we held, among other things, that it was error to allow interest at the legal rate prior to judgment in computing damages for breach of contract, when such damages were unliquidated. We held that in awarding interest "as a means of arriving at the fair compensation to which plaintiff is entitled under the contract, the interest should be computed not at the legal rate fixed by statute but at the rate plaintiff would have had to pay upon a loan of a similar amount, considering the state of the money market and the rate charged by banks for the use of money." E. I. du Pont de Nemours & Co. v. Lyles & Lang Construction Co., 4 Cir., 219 F.2d 328, 341–343. Upon remand the trial judge computed interest prior to judgment at 5% per annum, based his action upon proof to the effect that plaintiff had been paying that rate for money which it had borrowed to enable it to perform the contract and part of which remained unpaid at the date of judgment, and that throughout the period of the pendency of this loan, an interest rate of 5% was fair and proper and in line with the rate of interest charged on comparable loans in that locality. While the bulletin published by the Federal Reserve System showed that the average rate of interest in New York City was less than this, with the average rate in southern and western cities somewhat higher than in New York, we cannot say, on the evidence in the case, that the finding of the District Judge was clearly wrong.

Affirmed.